1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH EDWARD TAN,                          No. 2:24-cv-00436-EFB (PC)

12                 Plaintiff,

13          v.                                     ORDER

14   YUBA COUNTY JAIL, et al.,

15                 Defendants.

16

17          Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42

18   U.S.C. § 1983, seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  ECF No.

19   2.  He has also filed two motions for appointment of counsel (ECF Nos. 3, 9), and a motion for

20   default judgment (ECF No. 13).  Each are addressed below.

21                          Leave to Proceed In Forma Pauperis

22          Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

23   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

24   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26                          Motions for Appointment of Counsel

27          District courts lack authority to require counsel to represent indigent prisoners in section

28   1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional

                                                    1

1    circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See*

2    28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v.*

3    *Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional

4    circumstances" exist, the court must consider the likelihood of success on the merits as well as the

5    ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

6    involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors,

7    the court finds there are no exceptional circumstances in this case.

8                          <u>Motion for Default Judgment</u>

9       Under Federal Rule of Civil Procedure 55(a), "When a party against whom a judgment for

10    affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

11    affidavit or otherwise, the clerk must enter the party's default."  Such entry of default is a

12    necessary precursor to obtaining a default judgment against a party. *Johnson v. Dayton Elec.*

13    *Mfg. Co*., 140 F.3d 781, 783 (8th Cir. 1998).  No defendant has been served in this case and the

14    Clerk of Court has accordingly declined to enter the default of any party.  Thus, plaintiff's motion

15    for default judgment must be denied.

16                            <u>Screening Standards</u>

17       Notwithstanding payment of the filing fee, the court must screen plaintiff's complaint in

18    accordance with 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the

19    complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to

20    state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who

21    is immune from such relief." *Id.* § 1915A(b).

22       A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

23    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

24    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

25    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

26    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

27    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

28    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

1    U.S. 662, 679 (2009).

2         To avoid dismissal for failure to state a claim a complaint must contain more than "naked

3    assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

4    action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

5    a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

6    678.

7         Furthermore, a claim upon which the court can grant relief must have facial plausibility.

8    *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

9    content that allows the court to draw the reasonable inference that the defendant is liable for the

10   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

11   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

12   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

13   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

14                                      Discussion

15        Plaintiff sues the Yuba County Jail and approximately 50 additional defendants, all

16   employed by the Jail, alleging a total of 12 claims.[1]  ECF No. 1 at 1, 2, 8-11.  These defendants

17   populate two lists within the complaint; the two lists appear to overlap completely in naming

18   defendants but list the defendants in a different order.  *Id.*  Each list groups defendants into

19   various categories (e.g., "sergeant," "corporal," "officer," "medical").  The second list creates two

20   additional groups of defendants.  First, the list classifies Kandola, Little, Gillan, Asouza, Gomez,

21   Houston, Marshall, "Henry #1," Bronson, Babs, Samra, Thomas, Singh, Chavez, and Cacho as

22   "OQ," "associating them [as] the F-Pod quarantine officers."  *Id.* at 10-11.  Second, the list

23   classifies 10 Doe defendants (listed as "Nurse #1" and so on) as "DNQ," "associating them to the

24   quarantine pill call nurses."[2]  *Id.*

25        [1] These claims are numbered using Roman numerals that are not consecutive.  In the order

26   they appear in the complaint, the claims are labeled as I, II, III, V, VI, VII, VIII, XII, XIII, XV,
     XIV, and XVII.

27        [2] The court cannot order service of a complaint on an unidentified party.  Plaintiff must

28   use institutional processes, discovery in this action, or other available methods to identify

1        The bulk of plaintiff's complaint concerns conditions he alleges he was forced to endure

2   while quarantined with COVID-19 from September 18, 2023 to September 29, 2023. *Id.* at 3-20.

3   Plaintiff alleges that he was housed in a cell in the Jail's F-Pod during this period that had a

4   "sewage leak that constantly pooled inside and outside the plaintiff's cell." *Id.* at 3-5, 18-20. The

5   defendants comprising the OQ and DNQ groups passed by plaintiff's cell many times and either

6   were aware, or should have been aware, of the "raw sewage, human excrement, and urine" at the

7   cell (*id.* at 4) because they had to walk through it to pass by (*id.* at 5). "The unsanitary conditions

8   could not even be overlooked by a blind man, they alerted all who passed within 15 feet." *Id.* at

9   5. Nevertheless, these defendants ignored plaintiff's pleas to move. *Id.* at 3-5. Plaintiff was

10  forced to eat in the unsanitary cell and breathe the toxic fumes created by the sewage. *Id.* at 17,

11  18. He was deprived of basic hygiene items (soap, shampoo, lotion, deodorant, toothpaste,

12  toothbrush, and shower shoes) (*id.* at 20) as well as his religious items (bible, bible studies, and

13  "daily breads") (*id*. at 19). Plaintiff felt homicidal and suicidal as a result of the sewage exposure.

14  Although these claims are separately set out as Claims I, II, III, VI, VII, VIII, XII, and XIII, they

15  state only three distinct, but related claims: (1) a claim for being compelled to live with an open

16  sewage leak for 11 days in violation of the Eighth Amendment (the "sewage claim"), (2) a claim

17  for being deprived of hygiene items for 11 days (the "hygiene items claim"), and (3) a claim for

18  deprivation of religious items for 11 days in violation of the First Amendment (the "religious

19  practice claim").

20       Plaintiff alleges another claim that arose during his time in quarantine. In Claim V, he

21  alleges that, in response to plaintiff's grievance, defendant Gomez lied to plaintiff by telling him

22  on September 21, 2023 that he could move to another cell. *Id.* at 14-15. Plaintiff characterizes

23  Gomez's statement as a lie because Gomez later told plaintiff that he could not move because the

24  other cell had already been promised to a different inmate. *Id.* Plaintiff alleges that this "lie"

25  violated the First Amendment.

26  ////

27  _____

28  unidentified parties. He may then seek to file an amended complaint to name the currently-unidentified defendants.

1          Plaintiff alleges three additional claims that are not related to his time in quarantine.  In

2    Claim XV, plaintiff alleges that defendants Yang and Carmona (not included in either the "OQ"

3    or "DNQ" groups) failed or refused to print and possibly destroyed legal research contained on a

4    flash drive.  *Id.* at 21, 23.  In Claim XIV, plaintiff alleges that "his right to have his legal research

5    printed was violated multiple times between the dates of 10-8-23 to 10-25-23" by "multiple

6    officers."  *Id.* at 22.  Lastly, in Claim XVII, plaintiff alleges that defendant Thomas awoke

7    plaintiff (on a date that is not entirely legible but appears to be in October 2023) by yelling, "I'll

8    take you on the roof in your shorts without a sweatshirt and without a towel then I'll come back

9    and toss up your stuff!"  *Id.* at 24.  Plaintiff does not claim that Thomas made good on this threat,

10   but alleges that the threat itself constituted sexual harassment in violation of the Eighth

11   Amendment.

12         The sewage claim, asserted against identified or identifiable defendants (Kandola, Little,

13   Gillan, Asouza, Gomez, Houston, Marshall, "Henry #1," Bronson, Babs, Samra, Thomas, Singh,

14   Chavez, and Cacho and Nurses #1-10), is potentially cognizable.  The Eighth Amendment

15   protects prisoners from inhumane methods of punishment and from inhumane conditions of

16   confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations

17   are required to make out a conditions-of-confinement claim, and only those deprivations denying

18   the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

19   Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  "Prison officials have

20   a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical

21   care, and personal safety."  *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations

22   and citations omitted).

23         "The circumstances, nature, and duration of a deprivation of these necessities must be

24   considered in determining whether a constitutional violation has occurred.  The more basic the

25   need, the shorter the time it can be withheld."  *Johnson*, 217 F.3d at 731 (internal quotation marks

26   and citations omitted).  Plaintiff's claim that identified (or identifiable Doe) defendants ignored

27   an obvious sewage leak for 11 days while plaintiff suffered from COVID-19 despite plaintiff's

28   pleas to be moved is, liberally construed and for the purposes of screening only, potentially

5

1   cognizable.

2        The remainder of the complaint suffers from a number of defects.  For the reasons

3   provided below, plaintiff's remaining claims must be dismissed with leave to amend.

4        First, plaintiff's massive lists of defendants include many individuals against whom

5   plaintiff has made no allegations (e.g., Sheriff Wendell Anderson, Undersheriff Nick

6   Morawzski, Lieutenant Spear, Psychologist Mason, Head Medical Supervisor Adams).  To the

7   extent that plaintiff wishes to hold any of these individuals liable for the conduct of their inferior

8   officers, there is no "respondeat superior" liability under § 1983 (i.e., a supervisor cannot be held

9   liable for the conduct of her inferior simply because of her status as a supervisor).  *Taylor v. List*,

10   880 F.2d 1040, 1045 (9th Cir. 1989).  If plaintiff wishes to state a viable claim against any

11   defendant, he must allege facts showing that defendant's personal participation in a violation of

12   plaintiff's rights.

13        Second, a municipal entity, like the jail, cannot be held liable under § 1983 solely because

14   it employs an individual who violated the Constitution.  *Bd. of the Cnty. Comm'rs v. Brown*, 520

15   U.S. 397, 404-05 (1997).  If plaintiff wishes to impose liability on the jail (rather than, or in

16   addition to, individual persons responsible for depriving him of constitutional conditions of

17   confinement, religious items, etc.), he must identify a county or jail policy or custom that caused

18   the unconstitutional deprivation.  *Id.*

19        Third, plaintiff has included unrelated claims against different defendants; his claims

20   concerning conditions in quarantine are distinct in time, subject, and defendants from his claims

21   regarding his legal research (Claim XIV and Claim XV).  It is well-settled that a claimant may

22   not proceed in a single action with various unrelated claims against separate defendants:

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party
> asserting a claim to relief as an original claim, counterclaim, cross-
> claim, or third-party claim, may join, either as independent or as
> alternate claims, as many claims, legal, equitable, or maritime, as the
> party has against an opposing party."  Thus multiple claims against
> a single party are fine, but Claim A against Defendant 1 should not
> be joined with unrelated Claim B against Defendant 2.

27   *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  In addition, plaintiff has not identified any

28   defendant as responsible for the conduct alleged in Claim XIV.  Vague allegations that do not

1   allege conduct of a specific, identifiable defendant violate Federal Rule of Civil Procedure 8 and

2   cannot survive screening.

3        In addition to being improperly joined to plaintiff's quarantine claims, Claims XIV and

4   XV do not allege facts showing a violation of the First Amendment.  Plaintiff styles these claims

5   as violations of his "right to petition the government" but includes no facts in the complaint

6   showing that any actual or attempted petition was impacted by his frustrated legal print jobs.

7   Plaintiff has a constitutional right of access to the courts.  *Silva v. Di Vittorio*, 658 F.3d 1090,

8   1101-02 (9th Cir. 2001) *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202,

9   1209 n.6 (9th Cir. 2015).  To the extent that plaintiff asserts a violation of that right, he has failed

10  to allege facts showing an actual injury to a nonfrivolous direct criminal appeal, habeas corpus

11  proceeding, or § 1983 action.  *Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).  An "actual injury" is

12  "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet

13  a filing deadline or to present a claim."  *Lewis*, 518 U.S. at 348 (citation and internal quotations

14  omitted); *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) ("Failure to show that

15  a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal

16  materials) (quoting *Lewis*, 518 U.S. at 353 & 353 n. 4).

17       Claim XVII, concerning defendant Thomas waking plaintiff with a threat to remove him

18  from his cell in minimal clothing, fails because mere threats do not give rise to cognizable Eighth

19  Amendment claims.  *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (it "trivializes

20  the Eighth Amendment to believe a threat constitutes a constitutional wrong.").

21       Similarly, plaintiff's First Amendment claim against defendant Gomez for "lying" to

22  plaintiff about the availability of an alternative cell fails, because there is no constitutional

23  guarantee to honesty from one's jail guards.  *Gray v. Morrison*, No. 18-cv-02608-EMC, 2018

24  U.S. Dist. LEXIS 159394, at *9 (N.D. Cal. Sep. 18, 2018).

25       Plaintiff's religious practice and hygiene items claims also fail as pleaded.  Under the

26  Constitution, "reasonable opportunities must be afforded to all prisoners to exercise the religious

27  freedom guaranteed by the First and Fourteenth Amendments."  *Cruz v. Beto*, 405 U.S. 319, 322

28  n. 2 (1972).  Only beliefs which are both sincerely held and religious in nature trigger the Free

1   Exercise Clause.  *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).  Plaintiff's allegations

2   that he was not allowed a bible, bible studies materials, and daily breads during the 11 days he

3   suffered from COVID-19 in the filthy quarantine cell may state a potentially cognizable First

4   Amendment claim, but plaintiff has again failed to identify any defendant responsible for the

5   deprivation.  Similarly, while the deprivation of hygiene items while confined with raw sewage

6   for 11 days may violate the Eighth Amendment's proscriptions (see above), plaintiff has not

7   alleged a specific defendant or defendants responsible for that denial.  As with the religious

8   practice claim, plaintiff merely asserts the claim against "every officer on every shift."  This

9   allegation does not satisfy Rule 8.  Plaintiff must identify the individual he is suing; if he cannot

10  provide a name at this time, he may assert these claims against Doe defendants identifiable by

11  date or other identifying information and seek to amend the complaint later once he obtains their

12  names.

13          Plaintiff will be given the opportunity to amend his complaint to cure the deficiencies

14  identified herein.

15                                            Leave to Amend

16          If plaintiff chooses to file an amended complaint, he should note that any amended

17  complaint must identify as a defendant only persons who personally participated in a substantial

18  way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

19  Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act,

20  participates in another's act or omits to perform an act he is legally required to do that causes the

21  alleged deprivation).

22          Further, any amended complaint must be written or typed so that it so that it is complete in

23  itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an

24  amended complaint supersedes any earlier filed complaint, and once an amended complaint is

25  filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v.*

26  *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,

27  the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th

28  Cir. 1967)).

1    The court cautions plaintiff that failure to comply with the Federal Rules of Civil

2    Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

3    *See* Local Rule 110.

4                                               Conclusion

5         Accordingly, IT IS ORDERED that:

6    1.    Plaintiff's motions for appointment of counsel (ECF Nos. 3, 9) are DENIED;

7    2.    Plaintiff's motion for default judgment (ECF No. 13) is DENIED;

8    3.    Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

9    4.    Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

10         accordance with the notice to the custodial agency filed concurrently herewith;

11   5.    Plaintiff's complaint (ECF No. 1) alleges, for screening purposes, the following

12         potentially cognizable claims:

13              a.   For violation of the Eighth Amendment against defendants Kandola, Little,

14                   Gillan, Asouza, Gomez, Houston, Marshall, "Henry #1," Bronson, Babs,

15                   Samra, Thomas, Singh, Chavez, Cacho, and Nurses #1-10 for housing

16                   plaintiff in a cell with a sewage leak (or for ignoring the need to move

17                   plaintiff from the cell) between September 18, 2023 and September 29, 2023.

18   6.    All other claims are dismissed with leave to amend within 30 days of service of this

19         order.  Plaintiff is not obligated to amend his complaint.

20   7.    Within thirty days plaintiff shall return the notice below advising the court whether

21         he elects to proceed with the cognizable claims or file an amended complaint.  If the

22         former option is selected and returned, the court will enter an order directing service

23         at that time.

24   8.    Failure to comply with any part of this this order may result in dismissal of this

25         action.

26   Dated: September 27, 2024

27                                               EDMUND F. BRENNAN
                                                 UNITED STATES MAGISTRATE JUDGE

28

                                                   9

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    KENNETH EDWARD TAN,                      No. 2:24-cv-00436-EFB (PC)

10                      Plaintiff,

11          v.                                NOTICE OF ELECTION

12   YUBA COUNTY JAIL, et al.,

13                      Defendants.

14

15          In accordance with the court's Screening Order, plaintiff hereby elects to:

16

17          (1) _____   proceed only with the Eighth Amendment sewage claim identified in the

18   Screening Order against defendants Kandola, Little, Gillan, Asouza, Gomez, Houston, Marshall,

19   "Henry #1," Bronson, Babs, Samra, Thomas, Singh, Chavez, Cacho, and Nurses #1-10.

20

21          OR

22

23          (2) _____   delay serving any defendant and file an amended complaint.

24

25                                              _____

26                                                          Plaintiff

27   Dated:

28

                                          10