UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH EDWARD TAN,

Plaintiff,

v.

YUBA COUNTY JAIL, et al.,

Defendants.

No.  2:24-cv-0437-EFB (PC)

ORDER AND RECOMMENDATIONS

Plaintiff is a county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Plaintiff filed his complaint on January 31, 2024, and filed exhibits in support of his complaint on April 11, 2024.  ECF Nos 1, 11.  Upon screening, the court found a potentially cognizable conditions of confinement claim against defendants.[1]  ECF No. 14.  Defendants (except the Doe Nurses) now move to dismiss the complaint for failure to state a claim because 1) it fails to identify which defendants were personally and individually involved in constitutional violation, and 2) it does not state a claim under the Fourteenth Amendment for deliberate indifference to plaintiff's jail conditions.  ECF No. 31.  Plaintiff has filed his opposition (ECF No. 35), and defendants have replied (ECF No. 37).

---

[1] Defendants Kandola, Little, Gillan, and Asouza are correctional sergeants, defendants Gomez, Houston, Marshall, Henry #1, Bronson, Babs, Samra, Chavez, Thomas, Cacho, and Singh are correctional officers, and the Doe Nurses #1-10 are sued their capacities as medical staff.  ECF No. 1 at 10-13.

1

Also before the court are:  (1) plaintiff's motion for default judgment (ECF No. 33); (2) plaintiff's motion for limited discovery (ECF Nos. 53, 54); (3) plaintiff's motion for leave to amend his complaint (ECF No. 38); (4) plaintiff's motion for court-ordered production of discovery (ECF Nos. 41, 42); (5) plaintiff's two motions concerning preservation of evidence (ECF No. 40; ECF No. 43); and (6) plaintiff's motion to order use of registered return receipt mail (ECF No. 45).

For the following reasons, the court will deny plaintiff's motions regarding the conduct and timing of discovery.  The remaining motions must be denied, and plaintiff must be allowed leave to file an amended complaint.

## I.  Defendants' Motion to Dismiss

### A.   Plaintiff's Allegations

The complaint alleges that plaintiff was housed in unsanitary conditions in a cell in the Yuba County Jail's F-Pod while quarantined with COVID-19 from September 18-29, 2023.  ECF No. 1 at 3-20.  According to these allegations, there was an open sewage leak that constantly pooled inside and outside the cell, defendants knew of the condition either because it was obvious to persons walking past the cell and/or because plaintiff complained, but defendants ignored his pleas to move.  *Id*. at 3-5, 13, 15-18.

### B.   Legal Standards

#### 1.   Federal Rule of Civil Procedure 12(b)(6) Standard

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984). In resolving a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true (and any reasonable inference supported by the facts). *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)

### 2.    Conditions of Confinement Standard

To prevail on a clam under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff and defendants appear to agree that plaintiff's § 1983 conditions of confinement claim arises under the Fourteenth Amendment.  ECF No. 1 at 4; ECF No. 31-1 at 4.  The court therefore presumes that at the time of the events in question plaintiff was a pretrial detainee who had not already been convicted.  *Redman v. City of San Diego*, 942 F.2d 1435, 1440 n.7 (9th Cir. 1991), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994) ("while the Eighth Amendment proscribes cruel and unusual punishment for convicted inmates, the due process clause of the Fourteenth Amendment proscribes any punishment of pretrial detainees"); *see also Perez v. Cox*, 788 F. App'x 438, 442 (9th Cir. 2019) (recognizing abrogation on other grounds).  The elements of a Fourteenth Amendment deliberate indifference claim are:

3

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. County of Los Angeles*, 833 F.3d 1160, 1071 (9th Cir. 2016).[2]

Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measures of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillan*, 503 U.S. 1, 9 (1992).

Furthermore, to state a claim under § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. *Ivey v. Bd. Of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior liability under § 1983."). A supervisor is only liable for the constitutional violations of

---

[2] This standard differs from that for an Eighth Amendment deliberate indifference claim in that a pretrial detainee need not prove the subjective element that would show the jail official had actual awareness of the level of risk to the detainee's health and safety. *Castro*, 833 F.3d 1071; *compare Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (stating subjective element of Eighth Amendment conditions of confinement deliberate indifference claim).

subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them. *Id.* When a defendant holds a supervisory position, the causal link between him and the claims of constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir 1978).

### C. Analysis

#### 1. Incorporation By Reference

Most of the exhibits that plaintiff filed in support of his complaint are not relevant to his screened-in conditions of confinement claim. The exhibits that are relevant are: (1) his sketches showing his cell, the F-pod, and where the sewage leak was located; and (2) records relating to his grievances about the sewage leak.[3] ECF No. 11 at 25-30, 67-80. Defendants do not dispute the accuracy of plaintiff's sketches, nor the authenticity of these grievance records. See ECF Nos. 31, 31-1.

Consideration of documents incorporated by reference in a complaint can be appropriate in certain circumstances. *See, e.g.*, *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Here, plaintiff's complaint explicitly describes the location of his cell relative to the sewage drain (as depicted in his sketches), and it references his grievances. Also, plaintiff states that he is submitting the exhibits as "evidence" for his claims and that the records of his grievance hearing and appeal "show[] staff clearly recognizes that the sewage was in fact flooding from dates 9-18-23 to 9-29-23" and that officials "recognized [plaintiff's] mental distress." ECF No. 11 at 1, 5. Thus, the court finds these documents appropriate for consideration in the analysis of defendant's motion to dismiss. *See Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (stating "[w]e have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the

---

[3] The remaining exhibits include his grievances about retaliation, legal research and access, issues with sick call and his medication (pill call). ECF No. 11 at 31-66, 81-91. Plaintiff also submits statements and declarations from other jail inmates, which are generally consistent with the allegations of the complaint, but which do not provide any additional information pertinent to the motion to dismiss. *Id.* at 7-24.

5

document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

The court may disregard allegations contradicted by a complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1292, 1295-96 (9th Cir. 1998). In this case, the court has not identified any material contradictions between the allegations of the complaint, and the documents in question, and the court finds that the documents provide context for plaintiff's conditions of confinement claim.

### 2. The Unsanitary Conditions and Their Seriousness

Defendants argue that plaintiff has not alleged a sufficiently serious exposure to unsanitary conditions, or of sufficient duration, to show a constitutional violation. ECF No. 31-1 at 4-5. They maintain that plaintiff has not alleged "how frequently his cell experienced sewage leakage and if his personal cell experienced sewage leakage or if Plaintiff complains about the smell in F-Pod generally." *Id*. at 5. This is not entirely accurate. Viewing plaintiff's allegations in the light most favorable to him, his complaint does allege that the sewage leak and pooling of sewage inside and outside his cell was "constant" and "obvious" to anyone who walked past. ECF No. 1 at 3-5. According to plaintiff's sketches of the F-Pod, the sewage drain was positioned immediately in front of his cell and the sketches also appear to show the extent of leakage into his cell. ECF No. 11 at 27, 28. He contends that "every time one of the defendants walked by" they "ignored his plight." ECF No. 1 at 13.

The grievance records that plaintiff also submits appear to indicate that jail officials were making an ongoing effort to correct the leakage. The narrative of his October 19, 2023 grievance appeal hearing contains the following statement:

> On 09/21/23, you filed a grievance regarding the plumbing in F Pod. You stated that you were unable to shower on 09/20/23 and 09/21/23 and there was sewage seeping into your cell. We were aware of the plumbing issues during that time and were advised by maintenance staff that the blockage was due to multiple inmates in your housing unit intentionally flushing trash and other items down the toilets. In fact, Thrifty Rooter and additional plumbers responded to the jail 13 times for this issue between 09/17/23 and 09/29/23. The issue has now been resolved.

6

ECF No. 11 at 67; *see also id*. at 71 (October 10, 2023 grievance hearing narrative with same information about plumbing repair).  The allegations of plaintiff's complaint do not contradict the cause of the sewage leak as described in the hearing appeal narrative, nor does his complaint contradict that plumbers were summoned on average on a daily basis during the relevant time period to repair the condition.

As for the seriousness of the condition that plaintiff alleges, "[t]he circumstances, nature, and duration of a deprivation of [] necessities must be considered in determining whether a constitutional violation has occurred."  *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).  Plaintiff's submissions indicate that for 12 days defendants kept him in a cell next to a sewage drain that was leaking and repeatedly under repair until the issue was ultimately resolved.  Plaintiff's exposure may not have been continuous over the course of those 12 days, but it is also not possible on this record to conclude that the extent of his exposure was not sufficiently serious to support a conditions-of-confinement claim.

Temporary unsanitary conditions may not rise to the level of constitutional violations.  *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).  But severe or prolonged lack of sanitation can support a constitutional violation.  *Id*.  An alleged failure to adequately address a clogged and overflowing toilet for a period of several days has been held to sufficiently state a claim for deliberate indifference.  *Arellano v. Ojeda*, No. 16-55222, 660 F. App'x 552 (mem.) (9th Cir. Nov. 23, 2016); *see also Sherman v. Gonzalez*, No. 1:09-cv-00420-LJO-SKO, 2010 WL 2791565, at *6 (E.D. Cal. July 14, 2010) (denying motion to dismiss where correctional officers ran out of the building after sewage from plaintiff's toilet flooded his cell, leaving him for five hours while he suffered an asthma attack from the smell).  Plaintiff has alleged an objectively, sufficiently serious condition to support a conditions-of-confinement claim, based on his allegations of at least intermittent exposure to a flooded sewage drain over a 12-day period.

### 3.   Personal Involvement of Defendants

Defendants argue that plaintiff does not plead sufficient facts to show that any of the defendants was responsible for "determining if there was an issue with Plaintiff's cell, moving Plaintiff to a different cell, or had any personal knowledge that an issue exist[ed]" or that plaintiff

7

specifically alerted any of the individual defendants. ECF No. 31-1 at 5. This is only partially correct. Plaintiff's complaint clearly alleges that the sewage leak was so obvious that staff present in F-Pod must objectively have been aware of it. And the grievance hearing narrative submitted by plaintiff appears to confirm objective awareness in that plumbers were repeatedly summoned to make repairs.

But plaintiff's claim is not based on any alleged failure to adequately maintain or repair the leaking drain. His claim instead focuses on the failure or refusal to move him to another cell away from the drain. *See, e.g.*, ECF No. 1 at 3 (alleging defendants "ignored" plaintiff's pleas to move). The only allegation that specifically describes an individual defendant's actions in this regard, refers to defendant Gomez. *Id*. at 7 (Gomez "lied" about a cell move); *id*. at 14-15 (non-party officer Ramirez discussed a cell move with Gomez, then conveyed that the move would not happen). The complaint fails to allege whether and which of the defendants (other than Gomez) was personally responsible for failing to move plaintiff away from the leaking drain. *See* ECF No. 1 at 14-15. The complaint does not allege any specific action or inaction regarding plaintiff's continued housing near the drain by any of the four sergeants (Kandola, Little, Gillan, and Asouza), or any of the other correctional officers (Houston, Marshall, Henry #1, Bronson, Babs, Samra, Chavez, Thomas, Cacho, and Singh), or any of the Doe Nurses. Even if plaintiff complained to any or all of these individuals about his housing assignment, complaints alone cannot support a claim unless the individual defendant had personal involvement in keeping him housed in that cell during the period that the sewage drain was overflowing.

### 4. Leave To Amend

In general, leave to amend is to be freely granted. Fed. R. Civ. P. 15(a). The court will permit plaintiff another opportunity to state his conditions of confinement claim against the remaining defendants (other than Gomez). Any amended complaint must not attempt to re-allege claims that the court has already screened out, because plaintiff has already elected to proceed on the basis of his conditions-of-confinement claim. ECF No. 14; ECF No. 17.

Plaintiff is also cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional

rights. *Johnson*, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the " 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' ") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

## II. Other Motions

### A. Plaintiff's Motion For Default Judgment (ECF No. 33)

Plaintiff has moved for default judgment on the grounds that defendants were tardy in filing their motion to dismiss. ECF No. 33. Plaintiff maintains that defendants were served with process on March 18, 2025, but did not file any responsive pleading until they filed their motion to dismiss on May 19, 2025. *Id*. He argues that their responsive motion was filed tardy according to Federal Rule of Civil Procedure 12(a)(1)(A)(ii), which requires response to a complaint within 60 days after the request for a waiver was sent.

Defendants' motion was not filed tardy. Sixty days from March 18, 2025 fell on Saturday May 17, 2025. If the last day of an allowed time for response falls on a Saturday, Sunday, or holiday, then the period continues to run until the next day that is not a Saturday, Sunday, or holiday, which in this instance was Monday, May 19. Fed. R. Civ. P. 6(a)(1)(C). Defendants' motion was timely filed and plaintiff's motion for default judgment must be denied.

////

////

9

**B.   Plaintiff's Motion for Limited Early Discovery (ECF No. 53)**

Plaintiff has moved for "limited, early discovery for the purpose of identifying the Doe defendants who participated in the constitutional violations alleged in the complaint." ECF No. 53 at 1. Defendants oppose the motion as premature. ECF No. 54. Early discovery "is an extraordinary form of relief." *Bell v. Hawx Services*, LLC, No. 2:24-cv-0825-DC-DMC, 2025 WL 3677347, at *2 (E.D. Cal. Dec. 18, 2025) (citations omitted). "[I]t is implicit that some showing of good cause should be made to justify such an order." 8A Wright & Miller's Federal Practice & Procedure § 2046.1 (3d. ed. 2010). Early discovery is most likely to be granted on specific, limited topics. *Snow Covered Capital, LLC v. Weidner*, No. 2:19-cv-00595-JAD-NJK, 2019 WL 2648799, at *2 (D. Nev. June 26, 2019) (citing Wright & Miller § 2046.1 (2019 supp.))

The only Doe defendants are the Doe Nurses #1-10. The complaint does not allege any specific role the Doe Nurses may have played in the alleged failure to move plaintiff away from the sewage leak; alleged complaints he may have made to them are insufficient to allege their personal involvement in his housing assignment. Should plaintiff file an amended complaint that adequately alleges a claim against any of the Doe Nurses, seek their identities through the normal course of discovery.

Plaintiff's proposed early discovery is broad-ranging. He asks the court to order defendants to produce "logs, rosters, reports, and documents identifying all personnel (officers and medical staff) involved on the dates and locations relevant to [his] claims." ECF No. 53 at 3. Also, it appears plaintiff may be proposing to conduct early discovery about claims that were not screened in. *See* ECF No. 14 at 4-5. As noted, plaintiff was given an opportunity whether to proceed with his cognizable conditions-of-confinement claim or to file an amended complaint, and he elected to proceed without amending his complaint. *See id*. at 9; ECF No. 17.

To the extent that plaintiff's motion also requests leave to file an amended and supplemental complaint after he receives early discovery, this request must also be denied. Plaintiff must be given another opportunity to amend his complaint as to his conditions-of-confinement claim, but plaintiff has not shown good cause to conduct early discovery before filing an amended complaint, and he may not use an amended (or "supplemental") complaint to

10

revive claims that he has already abandoned.

**C.   Plaintiff's Motion for Leave To Amend His Complaint (ECF No. 38)**

Plaintiff has separately moved for leave to amend his complaint "after receiving discovery in order to plead more specific facts regarding each defendants' individual involvement in the alleged unconstitutional condition of confinement." ECF No. 38 at 1.  For the reasons discussed above, plaintiff's motion for limited early discovery is denied.  Plaintiff is granted leave to amend his complaint to state an actionable conditions-of-confinement claim against the individual defendants (other than Gomez), but he may not re-allege claims that he has already elected not to proceed with after they were screened out of the case, and he will not be permitted to conduct discovery before filing an amended complaint.  The case will proceed according to the usual sequence of 1) (amended) complaint, 2) answer, 3) scheduling order, and 4) discovery, motions practice, and trial if necessary.

For these reasons, plaintiff's motion for leave to amend the complaint must be granted in part insofar as allowing him to amend his conditions of confinement claim, and otherwise denied insofar as it requests leave to conduct discovery before filing an amended complaint.  Should plaintiff wish to amend the complaint after conducting discovery, he must file a motion for leave to amend at that time.

**D.   Plaintiff's Motion for Court-Ordered Production Of Discovery (ECF No. 41)**

Plaintiff has filed a separate motion seeking "all discovery necessary to prosecute plaintiff's claims – including, but not limited to:  interrogatories, requests for production (document and ESI), depositions, records and logs, and communications – without cost to plaintiff, or in the alternative for appropriate cost-shifting to defendants." ECF No. 41 at 1.  Defendants respond that discovery attempts are premature, the court has not issued any scheduling orders, plaintiff has not propounded any discovery requests, and the parties have not met and conferred as provided in Rule 26(f).  ECF No. 42 at 2-3.

Discovery is premature at this time, for the reasons discussed above.  Plaintiff shall have the opportunity to amend his complaint, and thereafter a schedule governing discovery will issue following the filing of defendants' answer.  At that juncture, plaintiff may propound his discovery

11

requests according to the methods provided in the Rules of Civil Procedure.

### E.   Plaintiff's Motions Concerning Preservation of Evidence (ECF No. 40, ECF No. 43)

Plaintiff asks the court to order preservation of various items/categories of evidence relevant to the instant case. ECF No. 40. Because the court has identified a potential claim, the parties have a duty to preserve evidence that they "know or reasonably should know is relevant to the action." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006) (internal citations omitted). A court order is not necessary to trigger this duty, but plaintiff may notify defendants of this order and request that they preserve evidence accordingly. Should plaintiff discover that relevant evidence has been destroyed, he may seek appropriate sanctions. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006).

Plaintiff also seeks an order from the court to address his concerns that his evidence and other papers concerning the case were confiscated at booking upon plaintiff's re-incarceration in the jail after a period of homelessness. ECF No. 43. Plaintiff asked Officer Gillan – who is a defendant in this action – about the legal property during a booking interview, and Gillan informed plaintiff that he would receive it after drug-sniffing dogs checked it. *Id.* Plaintiff expresses concern that a defendant in this action has access to his case files. *Id.* Plaintiff presents no argument or evidence that he has been deprived of his legal materials since his processing back into the jail or that any defendant has improperly handled plaintiff's materials. Accordingly, no order addressing the situation appears necessary at this time. If plaintiff has not been provided his legal materials since the filing of the motion, or has some indication that the materials have been improperly handled or viewed by any defendant, he may file another motion seeking relief.

### F.   Plaintiff's Motion to Order Use of Registered Mail (ECF No. 45)

Plaintiff also seeks an order requiring defendants to use registered mail in their communications with him, because plaintiff has "lost trust" in defendants due to their "dishonorable" conduct towards him. ECF No. 45. Absent any indication that plaintiff's mail has been withheld from him, the court finds such an order unnecessary.

////

////

**ORDER AND RECOMMENDATIONS**

For the foregoing reasons, it is hereby ORDERED that:

1. Plaintiff's motion for limited early discovery (ECF No. 53) is DENIED;

2. Plaintiff's motion for court-ordered production of discovery (ECF No. 41) is DENIED; and

3. The Clerk of Court randomly assign a district judge to this action.

It is further RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 31) be DENIED IN PART because the complaint adequately alleges a condition-of-confinement claim against defendant Gomez;

2. The motion to dismiss be GRANTED IN PART as to the remaining defendants (Kandola, Little, Gillan, Asouza, Houston, Marshall, Henry #1, Bronson, Babs, Samra, Thomas, Singh, Chavez, Cacho, and Nurses #1-10);

3. Plaintiff be given an opportunity to amend his complaint to state potentially cognizable conditions-of-confinement claims against the remaining defendants (Kandola, Little, Gillan, Asouza, Houston, Marshall, Henry #1, Bronson, Babs, Samra, Thomas, Singh, Chavez, Cacho, and Nurses #1-10) for housing plaintiff in a cell with a sewage leak (or for ignoring the need to moved plaintiff from the cell) between September 18, 2023 and September 29, 2023; and

4. Plaintiff's motion for default judgment (ECF No. 33) be DENIED;

5. Plaintiff's motion for leave to amend his complaint (ECF No. 38) be GRANTED IN PART insofar as allowing him to amend his conditions of confinement claim, and DENIED IN PART insofar as allowing plaintiff leave to conduct discovery before filing an amended complaint or to reallege previously screened-out claims.

6. Plaintiff's motions concerning the preservation of evidence (ECF No. 40, ECF No. 43) be DENIED;

7. Plaintiff's motion requiring defendants to use registered mail (ECF No. 45) be DENIED.

13

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991`

DATED: February 12, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

14