UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH EDWARD TAN,

Plaintiff,

v.

YUBA COUNTY JAIL, et al.,

Defendants.

No.  2:24-cv-00437-DAD-EFB (PC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND, AND DENYING PLAINTIFF'S REMAINING MOTIONS

(Doc. Nos. 31, 33, 38, 40, 43, 45, 55)

Plaintiff Kenneth Edward Tan is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 12, 2026, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss (Doc. No. 31) be denied in part and granted in part with leave to amend also being granted, plaintiff's motion for default judgment (Doc. No. 33) be denied, plaintiff's motion for leave to amend (Doc. No. 38) be granted in part and denied in part, plaintiff's motions concerning preservation of evidence (Doc. Nos. 40,

1

43) be denied, and plaintiff's motion for an order requiring defendants to use registered mail (Doc. No. 45) be denied.  (Doc. No. 55.)  Specifically, the magistrate judge concluded that although plaintiff has alleged in his complaint an objectively sufficiently serious condition to support a conditions-of-confinement claim, based on his allegations of at least intermittent exposure to a flooded sewage drain over a 12-day period at the Yuba County Jail, he had failed to allege the personal involvement of any of the four correctional sergeants (Kandola, Little, Gillan, and Asouza), or any of the correctional officers other than Gomez (Houston, Marshall, Henry #1, Bronson, Babs, Samra, Chavez, Thomas, Cacho, and Singh), or any of the Doe Nurses in keeping him housed in that cell as claimed during the period that the sewage drain was overflowing.  (*Id.* at 6–8.)  Nonetheless, the magistrate judge concluded that leave to amend should be granted.  (*Id.* at 8–9.)  Finally, except to the extent plaintiff's motion to amend as to his conditions of confinement claim should be granted, the magistrate judge concluded that all of plaintiff's other pending motions should be denied as unsupported by the facts and the law.  (*Id.* at 9–13.)

The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 14.)  On February 27, 2026, plaintiff filed objections to the pending findings and recommendations.  (Doc. No. 56.)  On March 10, 2026, defendants filed a response to plaintiff's objections.[1]  (Doc. No. 57.)  In his objections, plaintiff does not meaningfully address the analysis set forth in the findings and recommendations.  Rather, plaintiff simply appears to argue in conclusory fashion that his original complaint contains sufficient allegations to state cognizable claims against all defendants in light of the liberal pleading standard to be applied to *pro se* pleadings and that dismissal without leave to amend is inappropriate.  (Doc. No. 56 at 1–4.)  These objections provide no basis upon which to reject the pending findings and recommendations.

/////

---

[1]  In their response defendants correctly point out that to the extent plaintiff argues in his objections that he has adequately alleged a claim for supervisorial liability, such a claim was already dismissed in the court's screening order (*See* Doc. Nos. 14, 20) and such a claim is not before the court and was not a subject of the pending findings and recommendations.

2

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on February 12, 2026 (Doc. No. 55) are adopted in full;

2. Defendants' motion to dismiss (Doc. No. 31) is DENIED IN PART because the complaint adequately alleges a condition-of-confinement claim against defendant Gomez;

3. Defendants' motion to dismiss (Doc. No. 31) is GRANTED IN PART as to the remaining defendants (Kandola, Little, Gillan, Asouza, Houston, Marshall, Henry #1, Bronson, Babs, Samra, Thomas, Singh, Chavez, Cacho, and Nurses #1-10);

4. Plaintiff is granted leave to amend his complaint to cure the pleading deficiencies noted in the findings and recommendations and this order and to attempt to state a cognizable conditions-of-confinement claims against those defendants for housing plaintiff in a cell with a sewage leak (or for ignoring the need to moved plaintiff from the cell) between September 18, 2023 and September 29, 2023. **That first amended complaint must be filed within twenty-one days of the service of this order**. Plaintiff is advised that the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 220 requires any amended complaint to be complete in itself without reference to prior pleadings. A second amended complaint will supersede the operative first amended complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). **Finally, plaintiff is forewarned that a failure to file an amended complaint within the time provided by this order will likely result in the dismissal of this action**;

5. Plaintiff's motion for default judgment (Doc. No. 33) is DENIED;

/////

3

6.    Plaintiff's motion for leave to amend his complaint (Doc. No. 38) is GRANTED IN PART insofar as allowing him to amend his conditions of confinement claim, and DENIED IN PART insofar as allowing plaintiff leave to conduct discovery before filing an amended complaint or to reallege previously screened-out claims;

7.    Plaintiff's motions concerning the preservation of evidence (Doc. Nos. 40, 43) are DENIED;

8.    Plaintiff's motion requiring defendants to use registered mail (Doc. No. 45) is DENIED; and

9.    This matter is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **March 19, 2026**                    _____
                                               DALE A. DROZD
                                               UNITED STATES DISTRICT JUDGE

4